STATE of Missouri, Respondent,

v.

Michael Anthony SHAW, Appellant.

No. 46892.

Missouri Court of Appeals,
Eastern District,
Division Three.

Oct. 29, 1985.

Robert J. Maurer, Asst. Public Defender, Clayton, for appellant.

CRIST, Judge.

Defendant appeals his jury conviction for robbery in the first degree. He was sentenced to life imprisonment, to be served concurrently with a sentence of life imprisonment with no possibility for probation or parole for fifty years received upon a conviction for capital murder. We affirm.

This case involved the same incident as *State v. Shaw*, 646 S.W.2d 52 (Mo.1983), and reference is made thereto for a full recitation of the facts. It was shown defendant planned and executed an armed robbery at a store on May 14, 1980. During that robbery, he repeatedly stabbed the proprietor, causing his death. His conviction for capital murder was upheld. *Id.* at 55.

 The sole contention on this appeal is defendant has been placed in double jeopardy because the previous conviction for capital murder was based upon the same facts as this robbery conviction. Convictions for two or more offenses arising out of the same set of facts are proper if the offenses are different. The offenses are considered different if a conviction on each offense must be supported by proof of a fact which is not required to support a conviction on the other. *State v. Whitehead*, 675 S.W.2d 939, 943 (Mo.App.1984). A conviction for capital murder requires proof of a homicide, a fact which it is unnecessary to prove in a robbery case. A conviction for robbery requires proof of the taking of property from another against his will, which is not an element of capital murder. *State v. O'Toole*, 619 S.W.2d 304, 809 (Mo.App.1981). Therefore, defendant was tried and convicted for separate offenses, and he was not placed in double jeopardy.

Judgment affirmed.

DOWD, P.J., and CRANDALL, J., concur.